Mr. Rosenzweig. Thank you, your honor. May it please the court, I'm Jeff Rosenzweig and I represent the Sanford Law Firm and Josh Sanford and I'd like to express my appreciation to your honors for permitting this video because of my temporary physical disability. With regard to this case, it's painfully obvious that the Sanford Law Firm got on the wrong side of the distinguished district judge in this case on the issue of attorney's fees and the Wells Fund litigation and it appears that this is not the first time. However, the district court made a number of substantive and procedural mistakes in its desire to penalize the Sanford Firm and Josh Sanford. The most salient one is the issue of notice. We'd like the court to reverse and dismiss, but at the very least, we would be asking this court to reverse and remand for a hearing with proper notice so that all of the issues, including questions of delay, are properly joined. This case had made two trips to this court, the Eighth Circuit, on the issue of attorney's fees, but only a few minutes after this court affirmed the second appeal, after having reversed the first given a show cause order for Rule 11 in contempt. This was an obviously pre-prepared document that spent a lot of time talking about other matters that the Sanford Firm had been involved in, but we couldn't tell from the document exactly what specific pleadings had increased the cost of litigation and what warranted by existing law, and of course, although essentially mooted now, what was the contempt? Various cases, including the Coltrane case from the Second Circuit, made clear that we're entitled to know the specifics. Thus, we violated- Mr. Rosenzweig, is there any similar precedent from the Eighth Circuit requiring that specificity of notice? Your Honor, I didn't cite one, but the rule requires proper notice and requires designation of what the pleadings or adequacy was, and we just didn't know. Therefore, we filed a motion for Bill of Particulars explaining what the problem was, what we couldn't tell, and what we felt we were entitled to know, and that there were the issues of improper delay, possibly improper delay, and we cited cases like Kunstler and the Cooter Jail v. Hartmark case for that proposition. We also pointed out in the initial paragraph we didn't know what the possible penalty was. The District Court of Samaritan- Let me interrupt you because I was looking for an answer to the Chief Judge's question. What about the Byrd case? You have it prominently in your brief. The other side does too. What about the Byrd case? The Byrd case? Yeah, it's the 2003 case of this court. You quoted- You're talking about the Byrd case was on the question of the disciplinary sanctions, if that's the one we're talking about. Yes, go ahead and proceed. Okay, but this would say that wasn't specifically the point that I was talking about, but the District Court summarily brushed this away with no explanation, whatever, just a text entry denied. We showed up at the hearing not knowing precisely what specific documents or statements were at issue. We made that clear on the front end and offered to elucidate, and the judge said, no, we made the record, and thus the issue we submit is clearly preserved on the question of notice. Of course, then we get into the question of contempt, and since there wasn't a contempt, I suppose that's mooted, although we didn't know it until the time we actually got in there. Then we have another salient issue on notice, which is that we find out only when he's assessing penalty that he's considered Josh Sanford personally a respondent. That was not clear at all in the show of cause order, where it talks about the Sanford law firm should or should attend if Josh Sanford is the managing partner, but it was the Sanford law firm, and the only pronoun used was it, not he, him, or it and he, or it and him, or anything like that, just it. We were shocked to find out that he was personally in the dock, and of course, we had no reasonable notice of that, and I believe the amicus does concede that it could have been more specific. I certainly don't think that it deserved the adjective of flyspecking or whatever that was given. The amicus seems to think that we didn't challenge the district court's substantive findings on appeal, but we did, and the brief points out with regard to all the specific one through seven or one through eight that were on it that he listed, that the district court listed in the order, we pointed out, number one, that this wasn't in the show. These specifics weren't in the show of cause for one, and secondly, we pointed out what arguments we could have made before the court in response to it, that some of these, for instance, involved the negotiation process and not advocacy before the court. Then we have things that were rule 11 for appearing for disagreement. We have some that just go talking about other cases that Sanford was involved in, and there's a question of asserting whether you won on appeal or not, when in fact, in the first attorney's fee trip up to this court, it was reversed. Said the judge did not do it correctly. Now, he didn't get attorney's fees out of it, but in fact, it was reversed, and then of course... Mr. Rosenzweig, I have a question for you. We have this Jones Day law firm case, Security National Bank is the name of the first party, and it talks about notice of sanctions, and Judge Murphy's opinion says, quotes Greg Joseph, a leading authority on sanctions, pointing out that notice of the responses by the targeted lawyer, and particularized notice may be of critical importance when a lawyer's, a law firm's reputation is at stake and so forth. Could you explain from your point of view how notice of the potential sanction of the suspension would have affected the response? Well, number one, we probably, under the circumstances, we probably would have put Mr. Sanford on the, put him on the stand, but the problem is we just didn't, we didn't have, but it's also infected by the fact we didn't have notice, we submit we didn't have proper notice of what the specific alleged violations were, and with which we submit tainted everything, so we came in there not knowing, and clearly, if we had had notice of the sanctions, what the potential sanctions are, yes, we probably, Mr. Sanford probably would have wanted to or insisted on testifying. Okay, then I have a second question for you. Do you have any authority or any further enlightenment you can provide on the relationship between the local rules disciplinary process and the authority of an individual judge to impose a non-monetary sanction under Rule 11 that might be the same as a sanction that could come out of the local disciplinary process? I'm, it's, I'm, I, I think I understand your, your question, and the, the, the, if you're, our position is, is if you're going to have rules that involve a, a suspension of some sort, which this clearly does, that's what the federal disciplinary rules are about. Now, we understand that in the Byrd case, the court went the, appears to have gone the other way over Judge By's, over Judge By's dissent, and we, well, the Byrd case said there was no prejudice. They said, they seemed to say the court should have referred it to the local process, but there was no prejudice because the attorney was only arguing legal conclusions. But what I'm trying to understand is whether that's, whether the law requires an individual judge to refer any suspension matter to the local process or whether an individual judge retains authority under Rule 11 independently to impose that If you're going to have rules, our position is, if you're going to have rules that, that particularly have shalls and not mays, but have shalls, that's there to, for the due process rights of the particular, of the particular litigant, specifically, and with suspension specifically so, you don't have a situation where a personality conflict or something like that causes a single judge to, to promulgate some sort of, some sort of suspension because of the severity of the suspension. That's, that's the, I think that's responsive to your question. Those are, but you did not raise that in the district court, right? I, I, we did, we did not say that at the time. And so the question is whether it's plain error or not. And I think I'm into my time for rebuttal. So if the court doesn't have any more questions, I will yield the floor. Thank you, Mr. Rosenzweig. Mr. Magnuson. Good afternoon, your honors, and may it please the court. My name is Landon Magnuson, court appointed amicus on this matter, speaking in defense of Judd Wilson's order for sanctions. Mr. Sanford's appeal attempts, attempts to reverse his order based on three arguments, as this court is well aware, and the majority of, of Mr. Rosenzweig's previous argument here was the first, the first element, which was the show cause order failed to adequately provide notice of the issues he faced on appeal. The second issue that he brings up in his briefing is that there was a failure of timeliness that it didn't adequately or, or promptly provide the sanction as he should have. And as a result, it would be invalid. And then the third, as Judge Colleton had brought up, and there was some discussion near the end was whether the, the sanctions that were imposed violated or exceeded the court's rule 11 authority. Truthfully, it's, it's amicus' opinion in this matter that under each of these circumstances, that there isn't enough to merit reversal. So we could, we could start first off with just the specific basis for sanctions. According to Mr. Sanford, the, the entire, the entire issue of sanctions is, is premised on an error because his motion for a bill of particulars was denied, which asked for more specific information. And on appeal, Mr. Sanford specifically states that essentially the court should have cited chapter and verse the definite pleadings that would have been offensive in this situation. And he cites, as he had mentioned just a moment ago, Mr. Rosenzweig did the Coltrane International case for two reasons. Specifically, that case would be an opposite in this situation, not to mention the fact that there is controlling eighth circuit precedent on what is required as far as notice is concerned. So first of all Coltrane International, this court will observe is from the second circuit. And while the second circuit is filled with brilliant and intelligent judges who would have very persuasive authority for this court, it doesn't govern this court. And second, and most importantly though, about the Coltrane decision though, is this court should observe that in that situation, the court was, was going back and reversing based on the findings of fact that had occurred after the hearing. So this wasn't an issue of whether the attorney in advance and the show cause order was provided adequate notice in advance of possible sanctions, but whether the court had provided adequate findings that would justify the sanctions that were imposed afterward. So very different situation than what, than what Mr. Sanford is arguing here today. And I would direct the court's attention to the Clark case, Clark v. UPS. It's 460 Federal 3rd, 1004 that cited in my brief. And in that case, the court does specifically provide information about what is required in advance of a sanctions hearing and in the show cause order to quote the court. It said, this court said rule 11 provides a specific procedure to be followed when sanctions are considered. A district court may impose rule 11 sanctions on its own initiative. It must first enter an order describing the specific conduct that appears to violate rule 11B and direct the court to not violate the rule in this situation. What's the specific notice in this case that would comply with, with Clark or, or comport with Clark's requirement for specific notice? Absolutely, your honor. So if we were to just look at the record, and this is the wild convenience of doing this from your own desk, we can pull up the, uh, the direct show cause order, which is, um, in the, in the record, I believe it's, it's, uh, pages APP 359, all the way to 362. And here we specifically have a lot of discussion about what had occurred directly to settlement negotiations, starting on page 359, going into 360, talking about the billing. But if, if, if some of the practices weren't specific enough, Judge Wilson does provide a very brief summary right at the very end. He says he wants Sanford Law Firm and Mr. Sanford to specifically... Mr. Magsden, what page are you on? This is page 362, your honor. Thank you. Go ahead. Okay. So at the very end of, on the conclusion, he's directed to show cause, and then skipping to the last, the last sentence, more specifically why rules 11B1 and B2, which relate to needlessly increasing the cost of litigation and certifying that legal contentions are warranted by existing law. So in this situation, Mr. Sanford was provided numerous examples in the show cause order. And then specifically the rules under which, or the subsections under which on the rule that they were going to be subject to possible sanctions. And at least according to Clark and the rules that this court has set forth in the past, the specificity is sufficient here. There's not the chapter and verse requirement that Coltrade requires in the second circuit of findings after the fact in a show cause order that is presented in advance. Is there any precedent in the, in this circuit regarding the specificity of notice of the potential sanctions? Coltrade and the third circuit's case seem to place a significant amount of emphasis on counsel being made aware of the exposure or the jeopardy, if you will, I think that's the term Mr. Rosenzweig used, that counsel faces. Where do we go to look for what level is required for, or that in particular, the judge in this case would have been aware of as applicable precedent and authority that would have required him to do more than what was done? Yes, your honor. I think admittedly that this is a more difficult question. The major case law to look at in the primary case here is the Jones Day case that was mentioned earlier. In Jones Day, that was a very unique circumstance and it does cite situations in which the possible jeopardy or the intended jeopardy should be or must be disclosed, but it's not in every situation. So again, to cite the case, and this is starting on page 944. So the citation is 800 Federal 3rd, 936. Starting around page 944, where it talks about additional process that would be required or could be required when issuing the show cause order prior to imposing sanctions. According to this court, it said that this additional process or specific information regarding possible sanctions, quote, may be due depending on the type and severity of the sanction ultimately imposed. In other words, this necessarily implies that there are lots of situations where you don't need to specifically state what must or must not be provided. Then the court provides additional instruction. Shortly thereafter, he says here, in this case was specific to it, imposing the most severe sanctions, a district court should provide clear notice as the form of the sanction. Now, this is where the hard part comes in, because the most severe sanctions hasn't been incredibly explored by this court, and so it would in some ways be new territory for it to explore. But what was the sanction in that case? Yes, your honor. In that case, there was, the issue was concerning an attorney who, according to the judge, had... No, I'm just asking what was the sanction? Right. And then my second question is, wasn't the sanction there less severe than the sanction here? Go ahead. Well, among other things, your honor, one of the sanctions that the court did impose was that the lawyer in question had to create an instructional video demonstrating as continuing education what she had done was the wrong thing to do in depositions. There was no suspension of practice, as I recall. I don't recall necessarily either, your honor, but I would look at that case and its wording specifically to provide two situations where this clear notice is required. Number one is under circumstances where there are harsh sanctions, and this is through additional research based in this and its progeny. Harsh sanctions tend to be at least as those that were defined in previous cases when the court would simply strike the pleadings of a party. That would certainly be harsh, and I think every court would recognize that. The second one that was specifically defined or identified were unusual sanctions, and this one would be particularly when such a humiliating task was provided, or the wording that this court used. I think we're in a strange situation because we're in a different medium. Don't we have something similar to that, the scarlet letter, so to speak, of requiring counsel to notify other courts of the imposition of the sanction? Yes and no, your honor. Yes, and that certainly he does have to or under the order would need to other courts, but I believe that that fits more under the means or the purpose of sanctions, which is to deter attorney behavior instead of necessarily to punish an attorney for a situation. In addition, this is quite different than the Jones Day case where this attorney was humiliated in front of all of her colleagues, whereas this is only in situations before certain courts with certain actions. But notwithstanding all of that, this issue was not preserved for appeal. The only things that were provided in advance of everything were the motion for a bill of particulars and the transcript, and that is where the entire preservation of this case was provided. Well, didn't he ask there for notice of the sanction? So your honor, this court obviously also knows that in order to preserve appeal, it requires specificity. It requires direction. General statements aren't sufficient to preserve appeal. In the first page, and I would look again specifically to the record if the court wants to look with me to page 363, and this is cited in his reply where he says, and this is where he says or states that he did preserve the issue. It's near the last two sentences he writes, SLF respectfully submits that the order is inadequate to advise SLF what is alleged to have done and what jeopardy it faces under the order. That wouldn't be very specific. However, it would look as though when proceeding through the rest of his motion for a bill of particulars that he does provide specificity. You'll note the court should notice it on page 364 when talking about civil contempt. 365 as he continues to do so. 366 as he speaks about civil contempt. So both in the contempt context of criminal and civil, but the moment we move toward rule 11 sanctions on 367, any issue as far as the type of sanctions and the necessity that it be provided is omitted. And so if arguably the specificity requirement for preserving an issue on appeal was only provided in the context of contempt, which in this situation wasn't considered ultimately by the district court to have been there. So amicus firmly believes that in this situation, this argument would only be available for plain error review. And because the court hasn't in the past clearly provided a situation where this would be either one of the harsh sanction or unusual sanctions under its previous precedent, that it's hard to claim that this is a clear or plain error by the district court. Mr. Magnuson, were you authority under rule 11 versus under the local disciplinary rules for suspensions? No, your honor, but I believe that this court could and should be able to make some distinctions based on the difference between what rule 11 would be and what sanction or and what discipline is. And I think the cases that have been provided to the court also show this. In Ray Bird just a moment ago and Judge By's dissenting opinion there talked about how this or how the court should look to the local rules. But noticeably in Ray Bird, there were both sanctions that were imposed first, where the attorney in that case was required to disgorge all of his own fees and then pay all the fees of the other party. And then after that had occurred, he was referred to discipline. And that that case in Ray Bird was specifically only regarding the disciplinary situation. This court in the law really shows that discipline and sanctions are different animals. They're created and used for different purposes. The case law from this court. But the situation we have here is where the sanction is the equivalent of a disciplinary sanction, right? Or it is at least a under the disciplinary process, i.e. suspension from practice. And so, well, is there any is there any concern with using rule 11 to impose a sanction that comes under the disciplinary process? Go ahead. Yes and no, Your Honor. I would argue at the same time, though, that the way that this was managed because, well, again, to go and think about how sanctions versus discipline occur, sanctions are meant to deter attorney behavior, to stop an action that is wrongful one way or the other. Discipline, in many cases over and over again, are to protect the public. So in this situation, if ultimately this was a disciplinary action, then does it truly protect the public to not practicing FLS cases before the Eastern District of Arkansas when he could file any other case in any other matter before that court? Whereas if Mr. Sanford's offensive behavior over and over again was abusing the FLSA process and overcharging parties and attorney fees, and as Judge Wilson observed, simply opposing monetary sanctions on him would not matter when collected on this next case, then the only way ultimately that court found that it could deter his behavior was to just simply say he couldn't do it anymore. Different animals, Your Honor, and frankly, I recognize the issue and my time is up, but I would just argue that as different animals and different purposes, that a rule 11 or a court under rule 11 should have the ability and the freedom to exercise the discretion it needs to deter the offensive behavior. Whereas ultimately, if the matter looked as if the court, the public needed to be protected, then Judge Wilson very well could have referred this issue also to discipline, which as far as we've seen, hasn't occurred. Thank you, Mr. Magnuson. Mr. Rosenzweig, your rebuttal. Thank you, Your Honor. Your Honor, with regard to the Clark case that Mr. Magnuson talks about, where they held there was sufficient notice, the court said, the appellate court said, the court entered an order to show cause in accordance with rule 11. The order incorporated by reference, the orders granted summary judgment, which detailed the court's objections to document 373. There was no dispute. The court thereby notified him of six specific paragraphs in the pleading. We don't have anything of that sort here. We just have you violated rule B1 and B2 without those specifics. Your Honor, we asked at the very beginning of the motion for bill of particulars, we said we don't know what jeopardy we're in. We submit that as sufficient to put the court on notice. We might have been able to repeat that elsewhere in the document. It probably would have been nice, but we thought that this was adequate in a way to preserve the issue. We came into court on the hearing and renewed it. We were brushed away both times. I don't know what more we really could have done other than just be repetitive over and over again. As you know, as was obvious, he was also talking about contempt. Are we looking at criminal contempt? We were looking at jail, for instance, either criminal or purging. We had no idea. It was only when we got into the hearing that we found out he was using contempt as more of a we submit that we asked for. Of course, again, we submit a fairly flagrant situation of finding out only at the pronouncement of judgment that Mr. Sanford was personally a party when there was nothing in there beforehand. That clearly is a failure of notice. There's no problem with just sending it back in front of a different judge, hopefully, and we litigate these issues and let a judge decide when we have proper notice what's the, whether Rule 11 has been violated, and if so, in what way. It's only then that comments by other district and appellate judges about Mr. Sanford would come into play. This, the problem of sustaining a finding here of when we had no notice, we would submit a very unfortunate prejudice when someone can find out only at the end of the hearing that he's personally a party when there was nothing, not even a pronoun to tell us that Mr. Sanford was personally a party. Yes, looking back, obviously, we should have talked about the federal rules of disciplinary enforcement. We submit that that does fit plain error, particularly under the circumstances of this case where we had, I would submit, a somewhat tense hearing and we just been stunned by the fact that Mr. Sanford was now personally a party. You've exhausted your time. Okay, I've said everything I need to say. Thank you, Your Honor. Thank you, and thank you also, Mr. Magnuson. We appreciate both counsel's participation and information to us as we evaluate the briefing. We'll continue to study the case and render decision in due course. Thank you. Thank you. Counsel may be excused. Madam Clerk, I believe that concludes our scheduled hearings for today in this special session. Is that correct? Yes, it does, Your Honor. That being the case, the court will be in recess until further call. Gentlemen, I will send you an invite for a conference to begin at 1145. Thank you.